UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS MICHAEL COX,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C13-2075RSL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

    This matter comes before the Court on Petitioner's "Motion Requesting Order for Appointment of Representation Pursuant to 18 U.S.C. § 3006(a)(2)(b)" (Dkt. # 4) in this 28 U.S.C. § 2255 action to vacate, set aside, or correct Petitioner's sentence. In his habeas petition, Petitioner seeks relief from the sentence imposed by this Court following his plea of guilty to one count of armed bank robbery on the grounds that the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013) applies retroactively to his case. Petitioner asks the Court to appoint counsel to represent him in this habeas proceeding. Having considered Petitioner's motion and the remainder of the record, the Court finds as follows:

    There is no constitutional right to counsel in a post-conviction § 2255 proceeding. Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995). Under the Rules Governing § 2255 Proceedings for the United States District Courts, if a judge

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL- 1

authorizes discovery or finds that an evidentiary hearing is warranted, "the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a); Rule 8(c). The Court has not authorized discovery or determined that an evidentiary hearing is necessary. In the event that the Court finds an evidentiary hearing or discovery necessary, the Court will appoint counsel for Petitioner.

     For all of the foregoing reasons, the Court DENIES Petitioner's motion for appointment of counsel (Dkt. # 4).

     DATED this 3rd day of December, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL- 2