UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS MICHAEL COX,

    Petitioner,

v.

MARION FEATHER,

    Respondent.

Case No.  C13-2075RSL

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

This matter comes before the Court on Petitioner Douglas Michael Cox's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Dkt. # 1.[1] Petitioner challenges the sentence imposed after he pled guilty to armed bank robbery in CR08-399RSL. Dkt. # 1 at 1.  Having considered the memoranda and exhibits submitted by the parties, and the remainder of the record, the Court DENIES Petitioner's § 2255 motion.

## II. BACKGROUND

On December 3, 2008, a grand jury returned an indictment charging Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113(a). CR # 4. He was arrested less than one week later. CR # 9. On April 14, 2009, Petitioner pled guilty to

---

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case.  "CR" refers to docket entries in the underlying criminal case, CR08-399RSL.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 1

one count of armed bank robbery as described in the superseding information. CR # 29 at 1-2. By signing the plea agreement, Petitioner acknowledged that he understood that he may be sentenced to up to 25 years of imprisonment followed by up to five years of supervised release. Id. at 2-3. Under Fed. R. Crim. P. 11(c)(1)(C), Petitioner and the government agreed that the appropriate sentence for the crime committed was 235 months of imprisonment. Id. at 5. This sentence accounted for the fact that Petitioner would likely be considered a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines Manual ("Guidelines"). Id. The Court accepted the plea agreement and was therefore bound by the parties' agreed sentence. CR # 33; Fed. R. Crim. P. 11(c)(1)(C).

On July 10, 2009, Petitioner was sentenced to 235 months of imprisonment to run concurrently with the sentence imposed for violating the terms of his supervised release in an earlier criminal matter, CR02-257RSL. Dkt. # 40 at 2. Petitioner's sentence included five years of supervised release following his release from prison. Id. at 3. He was also ordered to pay restitution in the amount of $369.00, plus any amount of restitution outstanding from his earlier conviction. Id. at 4-5. During the sentencing hearing, the Court adopted the Guidelines calculations in the Pre-sentence Report. Dkt. # 42 at 11. In doing so, the Court applied the following increases to Petitioner's base offense level of 20: two levels because property belonging to a financial institution was taken, U.S.S.G. § 2B3.1(b)(1); three levels because a dangerous weapon was brandished or possessed during the crime, id. 2B3.1(b)(2); one level because the loss amounted to more than $10,000, but less than $50,000, id. 2B3.1(b)(7); and two levels for reckless endangerment during flight, id. 3C1.2. The Court found that the career offender enhancement applied to Petitioner and decreased his base offense level by three levels

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 2

for acceptance of responsibility.[2] Dkt. # 42 at 11.  As a result, the Court determined that Petitioner's offense level was 31 and the applicable advisory Guidelines range was 188-235 months.  Id.  Petitioner did not appeal.

Petitioner filed his § 2255 motion to vacate on November 11, 2013.[3]  Dkt. # 1. Petitioner argues that his constitutional rights were violated when the Court applied several enhancements to his base offense level under the Guidelines.  Relying on the Supreme Court's recent decision in Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314  (2013), Petitioner contends that the facts supporting these enhancements must be found by a jury, not a judge, because they increase the mandatory minimum sentence.  In addition, Petitioner claims that his guilty plea was not intelligent because his counsel, the Court, and the government failed to advise him of the elements of armed robbery.  Id. at 6-7.

## III. DISCUSSION

**A.     Timeliness**

A motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitation.  This one-year limitation period runs from the latest of the following four events:  (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claims become discoverable.  28 U.S.C. § 2255(f)(1)-(4).

---

[2] At sentencing, Petitioner did not dispute that the career offender Guideline provision applied to him.  CR # 35 at 1 n.1.

[3] Although the Court did not receive Petitioner's § 2255 motion until November 15, 2013, see dkt. # 1 at 1, under the "prison mailbox rule," Petitioner's habeas petition is deemed filed on the date he handed it over to prison authorities for mailing to the Court.  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 3

Here, subsections (f)(1), (f)(2), and (f)(4) are not applicable.  First, when a federal prisoner does not seek direct review, a judgment of conviction becomes final at the expiration of the time during which he could have sought review by direct appeal. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  The date by which Petitioner was required to file a notice of appeal was 14 days after the Court entered the judgment in his case.  Fed. R. App. P. 4(b)(1)(A).  Therefore, Petitioner's conviction became final on July 25, 2011.[4]  See CR # 37.  Second, with respect to subsections (f)(2) and (f)(4), Petitioner does not suggest that a government-created impediment was recently removed or that he recently discovered facts that support his claims.

Rather, Petitioner contends that his motion is timely pursuant to § 2255(f)(3) because the Supreme Court's decision in Alleyne is substantive and applies retroactively to cases on collateral review.  Dkt. # 1 at 2-3.  In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence must be submitted to the jury and proved beyond a reasonable doubt.  133 S.Ct. at 2155.  A § 2255 motion asserting a newly recognized right is timely if it is filed within one year of the date on which the right was recognized by the Supreme Court and that right has been made retroactively applicable to cases on collateral review.  Petitioner's argument that his motion is timely based on the new right recognized in Alleyne fails for two reasons.

First, Alleyne does not apply to sentencing enhancements that do not increase the statutory mandatory minimum.  United States v. Vallejos, 742 F.3d 902, 906-07 (9th Cir. 2014).  Here, the sentencing enhancements applied to Petitioner did not affect the statutory minimum sentence and were treated as advisory.  Thus, Alleyne is not applicable.

---

[4] Even if the Court were to determine the date on which Petitioner's conviction and sentence became final based on the date the Court entered the Third Amended Judgment in the case, August 18, 2009, Petitioner's § 2255 motion is still untimely.  See Dkt. 40.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 4

Second, even though <u>Alleyne</u> adopted a new rule, it does not apply retroactively to cases on collateral review. There are two categories of new rules that apply retroactively to cases in which convictions have become final: (1) substantive rules, which include "decisions that narrow the scope of a criminal statute by interpreting its terms," and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish," and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2004) (internal quotation marks and citations omitted). In <u>Schriro</u>, the Supreme Court held that its decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), which applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) to Arizona's law governing the imposition of the death penalty, does not apply retroactively. The Court determined that the decision in <u>Ring</u> announced a procedural rule that was not a "watershed rule of criminal procedure." <u>Id.</u> at 358. The Court's reasoning in <u>Schriro</u> applies equally to <u>Alleyne</u>, which is also an extension of <u>Apprendi</u>. Despite Petitioner's argument to the contrary, dkt. # 1 at 3, <u>Alleyne</u> did not announce a new substantive rule. The ruling did not affect the scope of application of a criminal statute, but adopted a new procedural rule with respect to facts that increase a statutory minimum sentence.

Although the Ninth Circuit has not considered whether <u>Alleyne</u> applies retroactively to cases on collateral review, several other Circuit Courts of Appeal have determined that it does not. <u>United States v. Redd</u>, 735 F.3d 88, 91-92 (2d. Cir. 2013); <u>United States v. Stewart</u>, 540 Appx. 171, 172 n.1 (4th Cir. 2013); <u>In re Payne</u>, 733 F.3d 1027, 1029-30 (10 Cir. 2013); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013). This Court is persuaded by the reasoning set forth by those courts and the Supreme Court's analysis in <u>Schriro</u>. Thus, the Court finds that the new rule announced in <u>Alleyne</u> does not apply

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 5

retroactively to cases on collateral review and Petitioner's § 2255 motion is not timely under § 2255(f)(3).

### B.  Equitable Tolling

"A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citation omitted).  A petitioner must show that the extraordinary circumstances caused his untimeliness.  Id.

Petitioner has not addressed whether he is entitled to equitable tolling.  Having conducted its own review of the record in this case and the underlying criminal matter, the Court finds no grounds that warrant tolling the statute of limitations in this case.  Examples of extraordinary circumstances that prevent timely filing include inadequate prison libraries, a prisoner's lack of access to his files, and egregious attorney misconduct.  Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005).  Petitioner does not allege and the record does not support a finding that extraordinary circumstances impeded Petitioner's ability to file a § 2255 motion.  Nor is there any suggestion that Petitioner has been diligently pursuing his rights in this case.  Petitioner's motion is time-barred and the circumstances do not justify equitable tolling.

### C.  Evidentiary Hearing

Ninth Circuit law does not require an evidentiary hearing on a motion to vacate under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Moore, 921 F.2d 207, 211 (9th Cir. 1990).  Because the record clearly demonstrates that Petitioner's § 2255 petition was filed outside the statute of limitations and he is not entitled to equitable tolling, an evidentiary hearing is not necessary.  See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner. . . should receive an evidentiary hearing when he makes a

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 6

good-faith *allegation that would, if true,* entitle him to equitable tolling.") (emphasis in original) (internal quotation marks and citation omitted).

**D.     Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his petition only after obtaining a certificate of appealability from a district or circuit court.  A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability.

## IV.  CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence (Dkt. # 1) is DENIED.  The Court declines to issue a certificate of appealability.

DATED this 22nd day of April, 2014.


*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 7